IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PHILIP (JOHN) DIXON, TERESA DRESCHER, ANGEL GONZALEZ, EDWARD HAMMOND, DAWN HAMMOND, GARY KAPLOW, COREY LARSON, JUSTIN MICKLIN, PATRICK SHEPPARD, JENNIFER MALLOY, MORGAN BOWLING, MICHAEL BRADEN, RICARDO BRAVO, KAREN BRENT, JOANNA BRIDGES, RAY YORK, DACE BROWN, VIRGIL BROWN, DAVID BRYAN, JOE BURCH, TRACY BURKS, CAROL BUXTON, NOEL BYARS, TODD CAMPBELL, SARA CAMPOS, JANICE CANTRELL, ROMELDA CANTU, DORA CANTU, GRANT CAREY, NATHAN CARLSON, TAMMY CARLSON, CRAIG CARNISH, CYNTHIA CARROLL, STEVEN CARROLL, CARON CATES, JOSE CAVALIERE, KHRYSTYNA CAVALIERE, JOHN CEPHUS, , KRISTI CHAPMAN, MICHAEL CHARRON, FRED CHESNEY, RANDY CHESSER, K. H. CHILDRESS, VANNA CHMIELEWSKI, DAVY CHOW, JAMES CHRISTIAN, LAYNE CHURCHMAN, MARIANN CHURCHMAN, ROB CLARK, WILMA CLEMONS, AMANDA CLIFTON, KURTIS CLIFTON, FRANCIS COLE, FRANK COMLY, ROBBIE CONWAY, FREDDIE COOPER, ROBERT COWAN, SAMUEL COX, MICHAEL COX, RICHARD COYLE, KRISTIE CRABTREE, AMBER CROOKS, ROSA CROSBIE, THOMAS CROUSE, VICTOR CRUZ-TORRES, VANESSA DANIELS, TONI DAVIS, NORA DAVIS, KEVIN DE MIRANDA, ROMEO DEGUZMAN, NOEMI DEHERRERA, LARRY DELUNA, GILBERT DELUNA, SANDRA DELUNA, TERRY DENSON, PHYLLIS DILLARD, THUY DOAN, BINH, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 1:17-cv-792 |

| | |
|---|---|
| DOAN, TOMMY DOBSON, CHARLES DONAUBAUER, MIKE DOTY, ELVIE DRAKE, DANIEL DUBOISE, JAMES DUFFY, AND MICHAEL EDDINGS<br><br>    Plaintiffs,<br><br>vs.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., AND VOLKSWAGEN AKTIENGESELLSCHAFT<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S
## NOTICE OF REMOVAL

1. Defendant Volkswagen Group of America, Inc. ("VWGoA") hereby removes this action from the 353rd District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division, 28 U.S.C. §§ 1332, 1441(a) and 1446, based on the following facts:

2. The above-captioned Plaintiffs ("Plaintiffs") commenced and/or joined an action in the 162nd District Court of Dallas County, Texas, originally captioned *Jordan August, et al., Plaintiffs vs. Volkswagen Group of America, Inc., Defendant*, Cause No. DC-15-12576.

3. This case was deemed transferred to the Texas MDL Pretrial Court for consolidated and coordinated pretrial proceedings for related consumer actions based on common issues of fact on February 9, 2016. *See* TEX. R. JUD. ADMIN. 13.5(a) (case is deemed transferred when notice has been filed in both the Texas MDL Pretrial Court and the trial court). Accordingly, the case is currently pending in the MDL pretrial court; the 353rd

Judicial District Court of Travis County, Texas, Cause No. D-1-GN-16-000449, MDL Docket No. 15-0884.

4.    The United States District Court for the Western District of Texas, Austin Division, is the United States District, and Division, embracing the 353rd Judicial District Court where this action is pending. *See* 28 U.S.C. §§ 124(d)(1) and 1446(a). Therefore, venue of this removed action is proper in this Court.

5.    Initial Removal was preserved by having it filed within thirty days of VWGoA's receipt of a paper from which it first ascertained that the case was removable or that the case had become removable, since the case stated in the initial pleading was not clearly removable. *See* 28 U.S.C. Section 1446(b)(3); *Mumfrey v. CVS Pharm.*, 719 F.3d 392, 397-98 (5th Cir. 2013). There has been no waiver of VWGoA's right to removal, and VWGoA has taken no actions in the state court inconsistent with this removal.

6.    Although this Notice of Removal is filed more than a year after the commencement of the suit (this lawsuit was filed on October 8, 2015), the one-year limit does not apply if the plaintiffs acted in bad faith to prevent the defendant from removing the suit. 28 U.S.C. § 1446(c)(1). As set forth below, Plaintiffs acted in bad faith when stating the amount in controversy in their Original Petition.

7.    This Notice of Removal is accompanied by the State court file of the 162nd District Court, including the docket sheet, as well as the Answer and Second Amended Petition filed in the 353rd District Court, which are attached as Exhibit "A." Other than the documents attached at Exhibit A, no pleadings, process, orders or other documents in the case have been served or otherwise received by VWGoA or, to VWGoA's knowledge, are

presently on file in the 162nd District Court. In the event that such filings come to VWGoA's attention, true and legible copies will immediately be filed with this Court.

8. VWGoA is serving written notification on Plaintiffs' counsel and filing a Notice of Filing Notice of Removal with the Clerk for the 353rd Judicial District Court in Travis, County, Texas.[1]

## II. Basis for Removal.

### A. Diversity Jurisdiction

9. This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a) based on diversity of citizenship because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Therefore, removal under 28 U.S.C. § 1441(a) is proper.

10. At all relevant times, including the time of filing the Petition and the time of removal, Plaintiffs are and were citizens of the states of Texas, Arkansas, and California. *See* Petition[2] at ¶¶ 8-86.

11. At all relevant times, including the time of filing the Petition and the time of removal, VWGoA is and was incorporated under the laws of the state of New Jersey and maintains and maintained its principal place of business in the state of Virginia. Therefore, VWGoA is and was a citizen of New Jersey and Virginia within the meaning of 28 U.S.C. § 1332(c). VWGoA is not incorporated in the states of Texas, California or Arkansas, and

---

[1] On August 14, 2017, hours after VWGoA filed its Notice of Filing Notice of Removal in state court, Plaintiffs filed their Second Amended Petition in that court. As set forth below, the eleventh hour filing is further evidence of Plaintiffs' bad faith attempt to intentionally plead below the $75,000 amount in controversy requirement to defeat diversity at the time of filing their Original Petition.

[2] All references to "Petition" are to the Second Amended (live) Petition unless otherwise noted.

does not maintain its principal place of business in any of those states. VWGoA is not a citizen of Texas, California or Arkansas.

12.     Defendant Volkswagen AG ("VWAG") in this cause at all times was and is not a citizen of the State of Texas, California, or Arkansas. VWAG, at the time of the initial filing of this action and ever since, has been a corporation duly incorporated and organized under the laws of the Republic of Germany, having its principal place of business in the Republic of Germany.

13.     Because each Defendant is not a citizen of Texas, Arkansas, or California, complete diversity of citizenship is satisfied under 28 U.S.C. § 1332(a).

14.     There are over 1,300 actions pending in federal courts in the United States against VWGoA and other entities arising from the Environmental Protection Agency's September 2015 Notice of Violation alleging installation of "defeat device" engine emissions control software in certain VW and Audi vehicles equipped with 2.0 liter and 3.0 liter TDI diesel engines (hereinafter "related actions"). On December 8, 2015, the Judicial Panel on Multidistrict Litigation ("JPML") ordered related actions pending in federal district courts be consolidated and transferred for centralized pretrial proceedings before the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1407.[3] The JPML Order of December 8, 2015 (annexed hereto as Exhibit "B") identifies the vehicles Plaintiffs allegedly purchased as affected 2.0 liter and 3.0 liter TDI diesel models. Petition ¶¶ 8-86.

---

[3] That action is currently pending in the Northern District of California as *In Re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, 3:15-md-02672.

15. The Petition in this action—similarly to all related actions—alleges installation of emissions "defeat device" software and noncompliance with EPA emissions regulations. *See* Petition ¶¶ 91-103. The Petition alleges that during normal operation the subject vehicle and other vehicles in related actions emit nitrogen oxides (NOx) at up to 40 times the standard allowed under United States laws and regulations. *See, e.g.,* Petition ¶ 95.

16. Based on these allegations, Plaintiffs assert fraud causes of action (Petition ¶¶ 202-218) and causes of action under the Texas Deceptive Trade Practices Act (Petition ¶¶ 219-238). Plaintiffs request actual damages, statutory treble damages, and attorneys' fees. Petition ¶¶ 239-240.[4]

17. On August 14, 2017, VWGoA began removing multiple lawsuits filed by the same Plaintiffs' counsel in this case. In those lawsuits, as in this case, each individual plaintiff's case was not previously clearly removable on the face of the initial pleading. In the *ad damnum* clause, Plaintiffs previously plead "they each individually seek less than $75,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." *See* Plaintiffs' Original Petition ¶ 2.[5]

18. Recently, on July 17, 2017, VWGoA received a demand letter from Plaintiffs' counsel, Eric Pearson, for each of those Plaintiffs and Plaintiffs herein, offering to settle each individual case for $175,000.00.[6] Post-complaint correspondence from the plaintiff qualifies as "other paper." *Addo v. Globe Life & Acc. Ins.*, 230 F.3d 759, 761-62 (5th Cir. 2000) (post-

---

[4] In making its good faith calculations of the amounts being sought by the Petition, VWGoA does not concede or admit, in any fashion, that any claims for such amounts, or any amounts, have legal or factual merit, and reserves all rights and defenses to such claims.

[5] Plaintiffs did not file a First Amended Original Petition.

[6] Those letters are attached collectively as Exhibit "C."

complaint demand letter offering to settle). Post-complaint correspondence from the plaintiff qualifies as "other paper." *Addo v. Globe Life & Acc. Ins.*, 230 F.3d 759, 761-62 (5th Cir. 2000) (post-complaint demand letter offering to settle).

19. VWGoA accordingly began removing all affected cases on August 14, 2017, within 30 days after VWGoA received the paper from which it could first ascertain that the cases are removable or that the cases had become removable since the cases stated in the initial pleadings were not clearly removable. *See* 28 U.S.C. Section 1446(b)(3); *Mumfrey v. CVS Pharm.*, 719 F.3d 392, 397-98 (5th Cir. 2013).

20. In an apparent effort to avoid removal of this case, Plaintiffs filed their Second Amended Petition late in the day on August 14, 2017, in which they added additional plaintiffs (which that same day had been non-suited in other cases which were **not** on file for more than a year), and changed the amount in controversy to exceed $75,000.

21. Although this Notice of Removal is filed more than a year after the commencement of the suit (this lawsuit was filed on October 8, 2015), the one-year limit does not apply since plaintiffs acted in bad faith to prevent VWGoA from removing the suit. 28 U.S.C. § 1446(c)(1). A finding that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal is considered bad faith. 28 U.S.C. § 1446(c)(3)(B). Here, Plaintiffs stated in their initial pleading that they (each individually) sought less than $75,000, and then made a demand for $175,000 each. In their Second Amended Petition, Plaintiffs claim VWGoA's public admissions and produced documents show the amount in controversy easily exceeds $75,000. Petition, ¶ 5. However, VWGoA first began producing documents in response to discovery on February 29, 2016, and has

continued producing documents on a rolling basis to date. Moreover, VWGoA's public admissions largely took place nearly two years ago, as early as September of 2015. Yet Plaintiffs never amended their Petition to show that the case was in fact removable until yesterday, when they finally amended, only after a year had elapsed, in a clear attempt to avoid removal.

22.     Plaintiffs' eleventh hour filing of their Second Amended Petition, in which they have switched plaintiffs between cases to manipulate jurisdiction, is further evidence of their bad faith in attempting to keep a removable case in state court. Plaintiffs deliberately failed to disclose the actual amount in controversy to prevent removal. Accordingly, the one-year limit for removal is inapplicable.

23.     Plaintiffs added Volkswagen Aktiengesellschaft ("VWAG") as a defendant in their Second Amended Petition. However, VWAG has not been properly served in this matter. Therefore, its consent to removal is not needed. 28 § U.S.C. 1446(b)(2)(A).

WHEREFORE, because the United States District Court for the Western District of Texas has original diversity of citizenship jurisdiction of this matter, Volkswagen Group of America, Inc. respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

          Respectfully submitted,

          */s/ C. Vernon Hartline, Jr.*
          **C. VERNON HARTLINE, JR.**
          State Bar No. 09159500
          hartline@flash.net
          **JOHN DACUS**
          State Bar No. 05305300
          jdacus@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
8750 N. Central Expressway, Suite 1600
Dallas, Texas  75231
214-369-2100
214-369-2118 fax

And

**DARRELL L. BARGER**
State Bar No. 01733800
dbarger@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
1980 Post Oak Boulevard, Suite 1800
Houston, Texas 77056
713-759-1990
713-652-2419 fax

And

**RICHARD W. CREWS, JR.**
State Bar No. 05075500
rcrews@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
800 North Shoreline Blvd, Suite 2000, North Tower
Corpus Christi, TX 78401
361-866-8000
361-866-8039 fax
And

**WILLIAM B. MONAHAN**
New York State Bar 4229027
monahanw@sullcrom.com

**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
212-558-4000
Fax: 212-558-3588

**ATTORNEYS FOR DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.**

## CERTIFICATE OF SERVICE

On August 16, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served Plaintiffs' counsel of record electronically directly to their e- mail address:

| | |
|---|---|
| **CRAIG M. PATRICK** <br> State Bar No. 00792743 <br> craigpatrick@att.net <br><br> **PATRICK LAW FIRM, P.C.** <br> 6244 E. Lovers Lane <br> Dallas, Texas 75214 | **ERIC D. PEARSON** <br> State Bar No. 15690472 <br> eric@hop-law.com <br> **CHARLES W. MILLER** <br> State Bar No. 24007677 <br> charles@hop-law.com <br><br> **HEYGOOD, ORR &PEARSON** <br> 6363 N. State Highway 161 <br> Suite 450 <br> Irving, Texas 75038 |

*/s/ C. Vernon Hartline, Jr.*